IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**STEVEN YEAPLE**

    Plaintiff,

v.

**COMMISSIONER of Social Security,**

    Defendant.

No. 6:16-cv-00034-KI

OPINION AND ORDER

**MOSMAN, J.,**

This matter comes before me on Plaintiff Steven Yeaple's Motion for Award of Fees & Costs Pursuant to the Equal Access to Justice Act (EAJA) [24]. For the reasons stated below, I GRANT IN PART and DENY IN PART and award $10,351.61 in fees (a 10% reduction) and $39.33 in costs.

## BACKGROUND

Mr. Yeaple applied for Social Security disability benefits. An administrative law judge found that he was not disabled and denied his application. Compl. [1]. The Appeals Council

1 – OPINION AND ORDER

denied review. Compl. [1]. This Court reversed the administrative law judge's decision and remanded for further proceedings. Op. & Order [22].

As the prevailing party, Mr. Yeaple seeks fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412. Mot. [24]. He requests $11,501.78[1] in fees and $39.33 in itemized costs incurred. Reply [27].

The Commissioner concedes Mr. Yeaple is entitled to some award under the EAJA, but the Commissioner objects to the amount requested on two grounds: first, that the number of hours spent are unreasonable under the circumstances; and second, that the billing records are "block-billed." Resp. [26]. The Commissioner asks the court to reduce the award to $7,000 (or by approximately 40%). Resp. [26].

## LEGAL STANDARD

A party who prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney fees and costs under the EAJA. 28 U.S.C. § 2412. The court must determine whether the requested fee amount is reasonable, and may reduce an unreasonable request. *Stetson v. Grissom*, 821 F.3d 1157, 1166–67 (9th Cir. 2016). In a social security case, reasonableness depends on the complexity of the legal issues, the procedural history, and the size of the record, among other factors. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (per curiam). The court has "wide latitude in determining the number of hours that were reasonably expended." *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001).

---

[1] This request includes 4.55 hours billed at the 2015 statutory maximum rate ($190.28) and 55.2 hours at the 2016 statutory maximum rate ($192.68). Wilborn Decl. [25] Ex. 1. Mr. Yeaple originally sought $11,675.19 in fees but voluntarily struck 0.90 hours (which were to be billed at the 2016 rate) in his reply brief. Reply [27].

2 – OPINION AND ORDER

Attorney billing records must enable the court to easily identify the hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The court may reduce hours to offset poorly documented billing. *Fischer v. SJB–P.D. Inc*, 214 F.3d 1115, 1121 (9th Cir. 2000).

## DISCUSSION

### I. Reasonableness

Mr. Yeaple requests fees for 59.75 attorney-hours spent on his case. Reply [27]. His attorneys spent 10 hours reviewing the record, 29.65 hours preparing the 40-page opening brief, and 15.85 hours preparing the reply. Wilborn Decl. [25] Ex. 1.

Mr. Yeaple argues the hours his attorneys spent are reasonable in light of the complex record, the quality and length of the briefs, and the Commissioner's contentious litigation strategy. Reply [27]. The Commissioner contends the hours are unreasonable because the legal issues were routine, the record not exceptionally long, and the issues not unduly complicated. Resp. [26].

Both parties cite many cases where courts found a similar number of hours either reasonable or unreasonable. These cases are only marginally helpful to the case-specific analysis required here; what was unreasonable in the context of one case may be reasonable in this context, and vice versa. *See Costa*, 690 F.3d at 1136 (questioning utility of reviewing hours spent in other cases to determine reasonableness in a particular case).

In this case, 59.75 hours is excessive. This case was fairly routine: the record may have been more complex than some, but as a whole the case was still within the broad range of average social security cases. *See* Op. & Order [22]. The pertinent issues—involving medical testimony, credibility, and lay testimony—commonly arise in social security cases. Based on my

familiarity with this case, I find the attorneys spent an unreasonable amount of time. Accordingly, I find it appropriate to reduce the fee award by 10% to $10,351.61.

## II. Block-billing

The Commissioner argues Mr. Yeaple's award should be reduced because attorney Ralph Wilborn's time record groups some tasks into a single record. Resp. [26]; *see* Wilborn Decl. [25] Ex. 1. The record could be more specific, but the level of detail is at least minimally acceptable. Thus, I do not base the award reduction on the Commissioner's objection to block-billing.

## CONCLUSION

Mr. Yeaple is entitled to fees and costs under the EAJA, but the full amount requested is unreasonable under the circumstances. Therefore, Mr. Yeaple's Motion for Award of Fees & Costs Pursuant to the Equal Access to Justice Act [24] is GRANTED IN PART and DENIED IN PART. Mr. Yeaple is awarded award $10,351.61 in fees and $39.33 in costs.

IT IS SO ORDERED.

DATED this 3d day of November, 2017.

MICHAEL W. MOSMAN
Chief United States District Judge